## Herbert Estate

Before Klein, Adm. J., Saylor (Specially Sitting), Shoyer, Bruno, Pawelec and Silverstein, JJ.

*Melvin Brookman, Stein & Brookman,* for exceptants.

*Herbert K. Fisher,* contra.

KLEIN, Adm. J., April 26, 1974.—An adjudication was filed in this matter by Saylor, J., on October 31, 1973. Exceptions were taken by Melvin Brookman, Esq., counsel for John Herbert and Jessie Herbert, objectants.

There are several compelling reasons requiring us to dismiss these exceptions.

1. Exceptions to the adjudication of an account in a decedent's estate should set forth clearly and with particularity not only the alleged error of the auditing judge in making his awards but also his alleged error in not making the awards which exceptants claim should have been made. See Henderson's Estate, 29 D. & C. 1 (1937); Farrell's Estate, 1 D. & C. 128 (1921);

Verdelli Estate, 17 Fiduc. Rep. 192 (1967). The exceptions filed in this case fail to meet these requirements.

2. The exceptions were not filed in time. Section 7, Rule 1 of the Supreme Court Orphans' Court Rules provides: "Exceptions shall be filed at such place and time, shall be in such form, copies thereof served and disposition made thereof as local rules shall prescribe." Philadelphia Orphans' Court Division Rule *77.1(c) prescribes that "An adjudication shall be confirmed absolutely as of course, unless written exceptions thereto are filed with the clerk within fifteen days after the date of the filing of the adjudication." Judge Saylor filed his adjudication on October 31, 1973. The exceptions were not filed until December 7, 1973, 37 days after the filing of the adjudication and 22 days after it was automatically confirmed absolutely.

3. Philadelphia Orphans' Court Division Rule *1.2 provides:

"(c) *Paper Books.*

"(1) *Petitioner. Exceptant. Party filing Preliminary Objections.*

The petitioner, the exceptant, or, if preliminary objections have been filed, the party filing such objections, shall file with the clerk, not later than 3:00 o'clock p.m. of the Thursday preceding the call of the list, six copies of his paper book." See Funk Estate, 22 Fiduc. Rep. 690 (1972). Although almost six months have elapsed since the adjudication in this case was filed, the paper books mandated by this rule have not been filed by the exceptants.

4. Philadelphia Orphans' Court Division Rule *35.1(b) provides: "(b) *Exceptions. Objections.* Copies of exceptions or written objections shall be delivered to the Auditing Judge or Hearing Judge and served upon the accountant or his counsel, and upon all

parties adversely affected thereby, or their counsel of record." The direction in this rule that a copy of the exceptions be served upon the auditing judge was adopted for a sound, practical reason. If the auditing judge made an error involving a mathematical calculation, or inadvertently misstated the facts, or made some other obvious mistake in his adjudication, service of the exceptions upon him would enable him to correct his error promptly and save the litigants from unnecessary delay and litigation. In the instant case, counsel for the exceptants ignored this rule. He failed to serve a copy of the exceptions upon Judge Saylor, the auditing judge.

It was important that this case be disposed of with dispatch for another reason. The term of office of Judge Saylor as a judge of this court expired the first Monday of January 1974. He was barred from seeking re-election under article V, sec. 16 of the Constitution of the Commonwealth of Pennsylvania as he was over 70 years of age when his term of office ended. This fact was known to counsel for the exceptants. His exceptions were first listed for argument on the court's regular argument list, on Wednesday, February 20, 1974. At that time, a continuance was requested and reluctantly granted by the court until the next argument list on April 17, 1974, with the distinct understanding that the matter would be disposed of at that time. In spite of these circumstances, counsel for the exceptant did not appear at the call of this argument list and offered no excuse for his absence. We regard this as an affront to the court and especially to Judge Saylor, who sat on the argument list at considerable personal inconvenience.

For the foregoing reasons, the exceptions filed by Melvin Brookman, in behalf of John Herbert and Jessie Herbert, are dismissed for lack of prosecution.

446

We are always reluctant to dispose of litigation by resorting to technical rules as we have done in this case. It has always been our practice to review the entire record carefully to make certain that an injustice has not been done to the litigants because of the negligence of their counsel. We have done so in this case and are completely satisfied that there is no merit to exceptants' position. We concur in the finding of fact made by the auditing judge that the administratrix has fully accounted for the property of decedent and should not be surcharged for the items* alleged by the objectors to have been the property of their brother, the decedent.

Accordingly, the exceptions are dismissed and the adjudication is confirmed absolutely.

---

*The objectors' principal claim was that the administratrix had not accounted for a revolver, several rings, three watches and other personal property allegedly owned by decedent.